**RUSING, LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520) 529-4262

Rebecca K. O'Brien; robrien@rllaz.com
State Bar No. 021954
Attorneys for Plaintiffs Jason Theodosakis, M.D. and
Supplement Testing Institute, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Theodosakis, M.D., an individual; Supplement Testing Institute, Inc., an Arizona corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>Daniel O. Clegg, M.D., and Jane Doe Clegg, husband and wife; Dominic J. Reda, M.D., and Jane Doe Reda, husband and wife,<br><br>    Defendants. | Case No.  4:14-cv-02445-JAS (BPV)<br><br>**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS, OBJECTION TO NOTICE OF SUBSTITUTION FILED BY THE UNITED STATES AND REQUEST FOR LEAVE TO CONDUCT DISCOVERY ON THE SCOPE OF DEFENDANT DOMINIC J. REDA'S EMPLOYMENT** |

Plaintiffs Jason Theodosakis, M.D. and Supplement Testing Institute, Inc. ("STI"), submit their response to the United States of America and Defendant Dominic J. Reda Ph.D. Motion to Dismiss [Doc. 55] and request it be denied. Plaintiffs further objects to the Notice of Substitution filed by the United States of America [Doc. 54] on the grounds that the U.S. Attorney's certification that Defendant Dominic J. Reda was acting within the course and scope of his employment is conclusory and inconsistent with newly discovered evidence in this matter. Plaintiffs request they be granted leave to conduct discovery on the scope of Defendant Reda's employment. This response is based on the following memorandum of points and authorities and the entire record in this action.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiffs' complaint alleges claims for defamation, commercial disparagement, tortious interference, violations of the Lanham Act and the Arizona Consumer Fraud Act against Defendant Dominic J. Reda, based on his individual personal involvement in the GAIT (Glucosamine/Chondroitin Intervention Trial) Study. Each of these claims arise from Plaintiffs' discovery, in the fall of 2013, that the raw data collected in the GAIT Trial and Study, which pertained to the efficacy of the dietary supplements glucosamine and chondroitin, was misreported by Defendants when published in the New England Journal of Medicine. *See* First Amended Complaint ("FAC") ¶ 17. Defendant Dominic Reda was one of the lead authors of the GAIT Study and Report. FAC ¶ 25. The FAC alleges that Dominic Reda is being sued in his individual capacity. FAC ¶ 9-10. The United States of America is not named in the FAC, but filed a unilateral Notice of Substitution to substitute itself on behalf of Defendant Dominic J. Reda, on April 15, 2016. [Doc. 54] As of this date, no formal order of substitution has been issued.

The motion to dismiss filed by the United States of America and Defendant Dominic J. Reda should be denied because Plaintiffs are filing a motion for leave to file a Second Amended Complaint, based on newly discovered evidence, which demonstrates that Defendant Reda's involvement with the GAIT Study/Trial was not within the course and scope of his employment and which cures any alleged deficiency in the First Amended Complaint. In addition, Plaintiffs properly and timely served Defendant Dominic J. Reda. To the extent the United States is substituted in his place, such service is valid and effective against the United States as well. Finally, Plaintiffs request the Court grant them leave to conduct discovery on the issue of whether Defendant Dominic J. Reda involvement in the GAIT Study/Trial was outside the course and scope of his employment.

## II. ARGUMENT.

### A. Defendant Reda was timely served with the First Amended Complaint.

The First Amended Complaint in this action was filed on February 25, 2015 and

2

alleged claims against Defendant Reda, in his individual capacity, only. Fed. R. Civ. P. 4 provides that service on an individual may be made, as it was in Defendant Reda's case, by delivering a copy of the summons and complaint to the individual personally. Dr. Reda was personally served on March 5, 2015 and service was proper, effective and timely on that date. [Doc. 24] More than a year later, on April 15, 2016, the United States filed a unilateral Notice of Substitution, asserting that "the United States is hereby substituted for the individual federal Defendant, Domenic J. Reda, M.D., with respect to Counts I, II, III and Five of Plaintiff's First Amended Complaint." [Doc. 54] The Notice further advised that the United States has, "by operation of law" been substituted for Domenic Reda." *See id.* On that same date, the United States filed a Motion to Dismiss, in part, based on the contention that the United States was not timely served with the operative complaint.

Respectfully, under the Federal Rules of Civil Procedure, the Court must order substitution of the parties and that has not occurred in this action. Fed. R. Civ. P. 25. Assuming *arguendo* that this does occur, the substituted party takes the place of the prior party, therefore, the service that was effected upon Defendant Reda back on March 5, 2015 is effective on the United States as the purported substituted party. The word "substitution" means "the process by which one person or thing takes the place of another person or thing." BLACK'S LAW DICTIONARY 1444 (7th ed. 1999). If in fact the United States is substituted for Defendant Reda, there is no need for additional service on the United States because Defendant Reda was already served.

Alternatively, Plaintiffs have 120 days from the date the Court orders substitution of Defendant United States into this case. *See e.g. Carmona v. Ross,* 376 F3d 829, 830 (8th Cir. 2004) (plaintiff entitled to an additional 120 days to serve defendants named for the first time in the second amended complaint, any other interpretation of the rule would restrict the time available for adding defendants to within 120 days of commencement of the action). Again, at this time, there has not been an order issued substituting the United States as a Defendant into the case. Until such order is entered, the 120 day time period does not begin to run. Nevertheless, out of an abundance of caution, Plaintiffs formally

3

served the First Amended Complaint on the United States today, June 6, 2016. Plaintiffs did so without prejudice to its position that the United States is not a proper party to this action and fully reserves its rights in that regard. In any event, this is clearly within the 120 day window and timely.

Finally, although the United States contends otherwise, Plaintiffs previously requested additional time to serve the United States under Fed. R. Civ. P. 4(i)(4), in the event it became substituted as a party. [Doc. 45]  Plaintiffs again request that to the extent the Court finds additional service is necessary, that Plaintiffs be afforded a reasonable extension of time to complete same.

**B.    Objection to the United States' Notice of Substitution and Request for Leave to Conduct Discovery.**

Plaintiffs object to the United States' Notice of Substitution on the grounds that the certification by the U.S. Attorney that Defendant Reda was acting in the course and scope of his employment as a federal employee of the United States is conclusory at best. The allegations in the First Amended Complaint assert that Defendant Reda is being sued individually, that his actions with respect to the GAIT Study were undertaken for the benefit of his marital community, and that he was one of the lead authors of the GAIT Study and Report. *See*  FAC ¶ 9-10, 25. The U.S. Attorney's certification simply states that he has reviewed the complaint and "on the basis of information now available, I find and certify that Defendant Dominic J. Reda … was acting with the scope of his employment as an employee of the United States at the time of the incidents out of which the Plaintiff's claims arose." [Doc.54-1]. While a Westfall Certification is conclusive for purposes of removal, it does not prohibit the federal courts from inquiring into the issue of scope of employment.  28 U.S.C. § 2679(d)(2); *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 432 (1995). The U.S. Attorney's certification that a federal employee acted within the course and scope of his employment is reviewable for purposes of substitution. *Id.*  at 434. Plaintiffs requests the court grant them leave to conduct limited discovery on this issue.

///

**C.     The Motion to Dismiss should be denied.**

Under Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed unless the plaintiff can prove "no set of facts in support of his claim that would entitle him to relief." *Parks Sch. Of Bus., Inc. v. Symington,* 51 F. 3d 1480, 1484 (9th Cir. 1995). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact are taken as true and construed in a light most favorable to plaintiff. *Hicks v. Small,* 69 F.3d 967, 969 (9th Cir. 1995); *Epstein v. Washington Energy Co.,* 83 F. 3d 1136, 1140 (9th Cir. 1996). The Court may not consider matters outside the pleadings, unless it converts the motion to one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). *See Supermail Cargo, Inc. v. U.S.,* 68 F. 3d 124 (9th Cir. 1995). In their motion, the Reda Defendants assert that Plaintiffs' claims against the United States are barred by the doctrines of sovereign immunity and exceptions to the federal tort claims act. Because Plaintiffs did not sue the United States and it has not properly been substituted into the case, the motion to dismiss should be denied.

**1.     Sovereign Immunity and the Federal Tort Claims Act Do Not Apply.**

The United States' arguments regarding sovereign immunity and the federal tort claims act are inapplicable here. Plaintiffs did not institute an action against the United States. Rather, Plaintiffs filed the action against Defendant Reda, individually in his personal capacity. Following review of the First Amended Complaint, the United States Attorney for Arizona made the conclusory declaration that Defendant Reda was acting within the scope of his employment as an employee of the United States at the time of the conduct alleged in the First Amended Complaint. Remarkably, there are no allegations in the First Amended Complaint to suggest that is the case. Moreover, since the First Amended Complaint was filed, new evidence has come to light that demonstrates that a fundamental requirement of the GAIT Trial was that it be conducted by a Contractor *who was not an agent of the government*. As such, Plaintiffs are filing a motion for leave to file a Second Amended Complaint, which clearly alleges that Defendant Reda's actions were

outside the course and scope of any government employment and were undertaken in his individual capacity. In view of the foregoing, and because the United States is not yet a party to this action, its motion to dismiss should be denied and Plaintiffs' motion for leave to amend should be granted. Plaintiffs further request leave to conduct limited discovery on the scope of Defendant Reda's employment.

**2. Counts 1, 2, 3 and 5 are not barred by exceptions to the Federal Tort Claims Act.**

The United States' motion to dismiss Counts 1, 2, 3 and 5 is also based on the erroneous contention that the United States is a properly substituted party in this case. Once again, Plaintiffs did not sue the United States, but sued Dr. Dominic Reda in his individual capacity. Furthermore, there are no allegations in the First Amended Complaint to support the contention that Defendant Reda was acting within the course and scope of any employment with the government in conjunction with his involvement in the GAIT Study. Based on new evidence that has come to light since the First Amended Complaint, it is clear that the GAIT Study contract was required to be awarded to a contractor who was not the government. As such, the contention that Defendant Reda was acting in the course and scope of his employment with the government is impossible. Plaintiffs are filing a motion for leave to file a second amended complaint, which will cure any alleged deficiencies on this point in the First Amended Complaint. Plaintiffs request the United States' motion to dismiss be denied and that Plaintiffs be granted leave to conduct discovery on the scope of Defendant Reda's employment.

**3. Plaintiffs withdraw Count 4 as against Defendant Reda.**

Upon review of the motion to dismiss, Plaintiffs concede that Count 4 fails to state a claim as against Defendant Dominic J. Reda, only, and hereby withdraws same.

## III. CONCLUSION.

Dismissal without leave to amend is improper unless it is beyond doubt that the complaint cannot be saved by any amendment and leave to amend is to be freely granted.

6

Fed. R. Civ. P. 15. As noted herein, Plaintiffs are filing a motion for leave to file a Second Amended Complaint based on newly discovered evidence that the GAIT Trial was required to be conducted by a non-government entity. As such, it is impossible for Defendant Reda's actions to have occurred within the course and scope of any employment with the government. laintiffs object to the Notice of Substitution filed by the United States on this ground and request the Court grant Plaintiffs leave to conduct limited discovery on the scope of Defendant Reda's employment. Furthermore, Plaintiffs request Defendants' motion to dismiss is denied and its motion for leave to amend be granted.

DATED this 6th day of June 2016.

**RUSING LOPEZ & LIZARDI, P.L.L.C.**

*s/ Rebecca K. O'Brien*

Rebecca K. O'Brien
Attorney for Plaintiffs Jason Theodosakis, M.D. and Supplement Testing Institute, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2016, I electronically transmitted the attached document to the Clerk's office using the ECF System and copies were served on the parties by Notice of Electronic Filing generated and transmitted by the ECF system of the District of Arizona.

*/s/ Courtney S. Ryan*

M:\DOCS\200072\008\PLDGS\24Y5257.DOC

7