IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Theodosakis, et al., | No. CV-14-02445-TUC-JAS (BPV) |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| Daniel O Clegg, et al., | |
| Defendants. | |

Pending before the Court are: (1) a Motion to Dismiss filed by the United States and Dr. Dominic J. Reda (Doc. 55); and (2) Plaintiffs' Motion for Leave Amend (Doc. 75).[1] This matter was originally referred to the Honorable Charles R. Pyle for all pretrial proceedings and a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LRCiv. 72.1, 72.2, and was subsequently referred to the undersigned upon Magistrate Judge Pyle's retirement. For the following reasons, the Magistrate Judge recommends that the District Court: (1) grant the Motion to Dismiss; and (2) deny Plaintiffs' Motion for Leave to Amend with regard to Defendant Dr. Reda.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Jason Theodosakis, M.D., and Supplement Testing Institute, Inc., have filed a First Amended Complaint (Doc. 12) ("FAC") naming the following Defendants: Daniel O. Clegg, M.D., Laurie Clegg; Allen D. Sawitzke, M.D.; and Domenic J. Reda, M.D. Plaintiffs allege claims of: defamation (Count I); commercial disparagement (Count II); tortious interference with business expectancy (Count III); false advertising

---

[1] Defendants Dr. Clegg and Dr. Sawitzke have also filed a Motion to Dismiss (Doc. 60), which is addressed in a separate Report and Recommendation.

and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) (Count IV); and violation of Arizona's Consumer Fraud Act, A.R.S. §44-1522 (Count V).  Federal jurisdiction is asserted as based on federal question jurisdiction in light of the Lanham Act claim, and supplemental and diversity jurisdiction over the remaining claims.  (FAC at ¶2).  Plaintiffs' claims arise from Defendants' alleged participation in a study ("the GAIT Study") and the subsequent report that was published in *New England Journal of Medicine,* that Plaintiffs claim contained false and misleading statements which damaged Plaintiffs.

On March 31, 2016, the District Court adopted two Report and Recommendations issued by Magistrate Judge Pyle: (1) setting aside the entry of default against Defendant Dr. Reda in light of Plaintiffs' failure to properly serve the United States[2]; and (2) denying Defendants Dr. Clegg and Dr. Sawitzke's Motion to Dismiss on statute of limitations grounds without prejudice, and allowing discovery on the statute of limitations issue.  (Doc. 51).  The United States subsequently entered a Notice of Substitution in place of Dr. Reda with regard to all counts but Count IV, for the reason that "[t]he Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1998, provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages allegedly resulting from the negligent or wrongful acts or omissions of federal employees acting within the scope of their office or employment."  (Doc. 54 at 2).

**II.    DISCUSSION**

The United States and Dr. Reda seek dismissal on several grounds.  First they argue that Plaintiffs failed to properly serve them.  Second, the United States seeks dismissal of Counts I, II, III and V for lack of subject matter jurisdiction.  Third, Dr. Reda

---

[2] In reaching this conclusion, Magistrate Judge Pyle found that Plaintiffs failed "to disprove the scope of employment certification" submitted by Dr. Reda indicating that he "was acting within the scope of his employment as an employee of the United States at the time of the incidents that gave rise to Plaintiffs' claims."  (Doc. 49 at 2-3).  No objections to the Report and Recommendation were filed by any of the parties.  (*See* Doc. 51 at 1).

- 2 -

argues that Plaintiffs fail to state a claim under the Lanham Act. (Doc. 55). Additionally, Plaintiffs seek leave to amend the FAC to allege, *inter alia,* that Defendant Reda's participation in the Study was outside the scope of his employment relationship with the federal government. (Doc. 75).

### A. FAILURE TO SERVE

Magistrate Judge Pyle's Report and Recommendation addressing Dr. Reda's Motion to Set Aside Entry of Default, which was adopted in full by the District Court, found that:

> Plaintiffs' allegations and arguments are not sufficient to disprove the scope of employment certification [with regard to Defendant Reda]. Plaintiffs have not complied with the service requirements on the United States under Rule 4(i), Federal Rules of Civil Procedure. Defendant has shown good cause for setting aside the Clerk's Entry of Default.

(Doc. 49 at 3).

The federal Defendants assert that they have yet to be served in compliance with Rule 4. The record supports Defendants' assertion.

Plaintiffs advance several reasons to excuse lack of service to no avail. The Report and Recommendation and Order adopting it put Plaintiffs on notice that the United States was required to be served and was not properly served—in fact, Plaintiffs' failure to properly effectuate service is why the entry of default was set aside. To the extent that Plaintiffs claim that they requested an extension of time to effect service, that request was made in July 2015 in response to Defendant Dr. Reda's motion to set aside entry of default. (Doc. 45 at 4). Plaintiffs requested the extension in the event that the Court determined that service was not proper, which it did. (*Id.*). Despite the Court's March 31, 2016 Order, Plaintiffs have made no effort whatsoever to properly serve the federal Defendants, nor have they shown good cause why they did not do so. Instead, Plaintiffs now seek to amend the FAC to include allegations they contend would establish that Dr. Reda was being sued in his individual capacity. For the reasons stated below, any such amendment would be futile. Accordingly, at this point, the record is conclusive that Plaintiffs failed to properly serve the federal Defendants.

- 3 -

Because, as discussed below, this matter should be dismissed for the other reasons asserted by the United States and Defendant Dr. Reda, the Court need not determine at this point whether dismissal is in order solely based on Plaintiffs' failure to effect proper service.

### B. THE FEDERAL DEFENDANTS' MOTION TO DISMISS BASED ON LACK OF SUBJECT MATTER JURISDICTION FOR COUNTS I, II, III AND V AND PLAINTIFFS' MOTION TO AMEND

#### 1. LEGAL STANDARDS

##### a. DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate when the court lacks subject matter jurisdiction over a claim. Fed. R. Civ. 12(b)(1). Subject matter jurisdiction involves the power of the court to hear the plaintiff's claims in the first place, and therefore, imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power. Because federal courts are courts of limited jurisdiction, it is presumed that a cause lies outside the jurisdiction of federal courts unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Where the complaint fails to reflect federal jurisdiction, it must be dismissed. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir.1984); *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff bears the burden of establishing that jurisdiction exists. *Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir.1979).

"'A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may ...'" attack the existence of subject matter jurisdiction as a matter of fact. *National Union Fire Insur. Co. v. ESI Ergonomic Solutions, LLC.*, 342 F.Supp.2d 853, 861 (D.Ariz.2004) (quoting *Thornhill Publishing Co.*, 594 F.2d at 733). "When a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and

construed in the light most favorable to the nonmoving party." *Id*. (citing *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir.1996)). Where the jurisdictional issue is separable from the merits of the case, the court may consider the evidence presented with respect to the jurisdictional issue, resolving factual disputes if necessary. *Thornhill*, 594 F.2d at 733. "When the motion is a factual attack on subject matter jurisdiction, a defendant may 'rely on affidavits or any other evidence properly before the Court.'" *National Union Fire Insur. Co.*, 342 F.Supp.2d at 861 (citing *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989)). In the instance of a factual challenge, no presumption of truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims. *Thornhill*, 594 F.2d at 733.

When a motion to dismiss is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first because the other grounds will become moot if the court lacks subject matter jurisdiction. 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure,* § 1350 (3rd ed.).

### b. AMENDMENT OF THE COMPLAINT

The Federal Rules of Civil Procedure provide that "the court should freely give leave [to amend the complaint] when justice so requires[,]" Fed.R.Civ.P. 15(a)(2), and the United States Supreme Court has made clear that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*. However, leave to amend may be denied in circumstances of undue delay, bad faith, futility of amendment, failure to cure deficiencies by amendments previously allowed, and prejudice to the opposing party. *Id*.; *Western Shoshone Nat'l Council v. Molini,* 951 F.2d 200, 204 (9th Cir. 2001); *Howey v. United States*, 481 F.2d 1187 1190 (9th Cir.1973). The most important of these factors is prejudice to the opposing party. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990). The party opposing amendment bears the burden of proving prejudice. *DCD*

*Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). A district court's denial of leave to amend is reviewed for an abuse of discretion, but the question of futility is reviewed de novo. *United States v. United Healthcare Insur. Co.*, __ F.3d __, 2016 WL 7378731 *7 (9th Cir. Aug. 10, 2016).

The Ninth Circuit has made clear "that in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern Calif. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## 2. ANALYSIS

The federal Defendants argue that the Court lacks subject matter jurisdiction over Plaintiffs' claims sounding in tort because Plaintiffs failed to exhaust administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). *See Brady v. United States,* 211 F.3d 499, 502 (9th Cir. 2000) ("The requirement of an administrative claim [under the FTCA] is jurisdictional."). The federal Defendants further argue that Plaintiffs' claims are also barred by the exceptions to the FTCA which exclude liability for "[a]ny claim arising out . . . libel, slander, misrepresentation, deceit, interference with contract rights . . . ." 28 U.S.C. §2680(h).

Plaintiffs counter that the FTCA does not apply because Defendant Dr. Reda was acting outside the scope of his employment during the events giving rise to this action. According to Plaintiffs, "a fundamental requirement of the GAIT Trial was that it be conducted by a Contractor *who was not an agent of the government.*"[3] (Doc. 69 at 5) (emphasis in original). By separate motion, Plaintiffs seek leave to amend the FAC to allege that all Defendants, including Dr. Reda, were acting outside the scope of their governmental employment. (Doc. 75).

At the outset, the District Court has already adopted the finding that Dr. Reda was

---

[3] For this same reason, Plaintiffs also object to the Notice of Substitution filed by the United States. (Doc. 69).

- 6 -

acting within the course of his employment during the events at issue. (Doc. 51 (adopting Report and Recommendation concluding that Plaintiffs failed "to disprove the scope of employment certification." (Doc. 49 at 3)).[4] At that point in the proceeding, the evidence supporting this finding consisted of: (1) "the article explaining the GAIT Study identifies Dr. Reda as being from the Hines Veterans Affairs Cooperative Study Program Coordinating Center"; and (2) certification of the United States Attorney for the District of Arizona "that Defendant Reda was acting within the scope of his employment as an employee of the United States at the time of the incidents that give rise to Plaintiffs' claims." (Doc. 49 at 2-3 (citing Doc. 46 at 2 & Exh. 1; Doc. 41, Exh. 1 at 795)). As the federal Defendants persuasively point out, Plaintiffs opportunity to challenge the certification occurred during litigation of the motion to set aside entry of default, and the Court has issued its ruling that Dr. Reda was acting within the scope of his federal employment.

Moreover, Plaintiffs' reliance on what they call "newly discovered evidence" (Doc. 75 at 2) to support their motion to amend the FAC on this issue does not alter the outcome that the federal Defendants should be dismissed. The purported "new evidence" "clarifies that the GAIT Study was required to be conducted by a non-governmental entity[]", and thus "was outside the scope of any employment relationship with . . . the federal government." (Doc. 75 at 3). Plaintiffs' proposed amendment, in pertinent part, includes the addition of allegations that:

- The NIH's Statement of Work for the RFP for the GAIT Study required that the Contractor "independently, and not as agent of the Government, furnish all necessary services, qualified personnel and materials." (Proposed Second Amended Complaint ("PSAC") (Doc. 75-1) at ¶19);

- "On information and belief, Defendant Reda was engaged to serve as the Biostatistician for the GAIT Study, individually and not in the course and

---

[4] The record reflects that Plaintiffs did not object to any aspect of the Report and Recommendation. (*See* Doc. 51).

- 7 -

scope of any employment with the government." (*id.* at ¶22);

● "On information and belief, Defendant Reda received compensation for his work on the GAIT Study outside of and independent from any compensation he received from any employment with the government." (*id.* at ¶23).

Plaintiffs also argue that they should be permitted discovery in order to test the veracity of the federal Defendants' evidence submitted on this issue. (Plaintiffs' Reply in Support of Motion for Leave to Amend (Doc. 88) at 6).

Although certification that Dr. Reda was acting within the scope of his federal employment at the relevant time is not conclusive of the issue, *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 434 (1995), it does constitute "'prima facie evidence that a federal employee was acting in the scope of h[is] employment at the time of the incident.'" *Pauly v. U.S. Dep't of Agri.*, 348 F.3d 1143, 1151 (9th Cir. 2003) (quoting *Billings v. United States*, 57 F.3d 797, 800 (9th Cir.1995)). Plaintiffs "bear[] the burden of disproving the certification by a preponderance of the evidence." *Id*. Moreover, "[w]hen the plaintiff challenges the Attorney General's scope of employment certification, '[t]he United States ... must remain the federal defendant in the action unless and until the District Court determines that the employee, *in fact*, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment.'" *Jackson v. Tate,* 648 F.3d 729, 733-34 (9th Cir. 2011) (quoting *Osborn v. Haley*, 549 U.S. 225, 231 (2007) (emphasis in original)).

Plaintiffs provide no explanation whatsoever as to when they learned about this "new" information, why they were not aware of this information before, or why they delayed until after the pending motions to dismiss were filed to amend their FAC. Moreover, in light of the evidence submitted by the federal Defendants, Plaintiffs' proposed amendment on this issue is futile.

The federal Defendants' submissions on this point are quite comprehensive. In

addition to the certification originally filed,[5] Defendants also submit the Declaration of Grant Huang, MPH, Ph.D., who is currently Dr. Reda's supervisor and who has "direct knowledge of [Dr. Reda's] VA employment status at it relates to the research at issue." (Defendant's Opposition to Motion to Amend, Exh. 1 (Doc. 86-2) at ¶1.). Dr. Huang states that Dr. Reda has been employed by the Department of Veterans Affairs since 1980. (*Id.* at ¶2). Dr. Huang goes on to state

> Dr. Reda was authorized to spend a portion of his time on the Glucosamine/Chondroitin Arthritis Intervention Trial (GAIT) as part of his VA duties. This authorization was initially provided by Dr. Timothy O'Leary, who was Dr. Reda's supervisor at the time, and continued when I became the supervisor of record.
> \*\*\*
> During the time of this project, Dr. Reda served as Associate Director, Acting Director, and Director of the Hines VA Cooperative Studies Program Coordinating Center. The Cooperative Studies Program has a long history of collaborations with other research entities, including academic institutions and the National Institutes of Health. Center Directors and Associate Directors are encouraged to develop such collaborations in accordance with their responsibilities to advance research that benefit Veterans and the nation.
> \*\*\*
> The Prime awardee on the agreement from the National Institutes of Health was the University of Utah.
> \*\*\*
> The project was approved by the Edward Hines, Jr. VA Hospital Research and Development Committee on February 2002 and is therefore considered to be VA research and permissible for Dr. Reda to conduct as a VA employee.

(*Id.* at ¶¶2, 3, 4, 8).

Dr. Timothy O'Leary, Dr. Reda's former supervisor, also submitted a statement that to the best of his "knowledge, information, and belief, all of . . ." Dr. Reda's actions concerning the Study were "within his capacity as a Biostatistician and Director, Cooperative Studies Program Coordinating Center, at the Department of Veterans Affairs

---

[5] Plaintiffs' characterization of the certification as "conclusory" is undermined by the Supreme Court's recognition that it is "customary [that] the certification state[] no reasons for the determination." *Osborn,* 549 U.S. at 233 (footnote omitted).

Hines Hospital . . . and within the scope of his Federal employment." (Doc. 86, Ex. 2 (Doc. 86-2)).

Dr. Reda submits his own declaration statement together with a copy of portions of the GAIT Study grant application. (Doc. 86, Exh. 3 (Doc. 86-2)). Dr. Reda points out that the grant application showing that he would be involved in the GAIT Study identifies him as federal employee. (Doc. 86-2 at ¶3 (citing Exh. A to his declaration)). His "center was funded as a subcontract to the grant that went to the University of Utah. The subcontract was executed through the Western Institute for Biomedical Research, a VA-affiliated non-profit . . . .I was approved by the VA to work on the project as part of my regular VA duties . . ." similar to other NIH-funded trials with which he has been involved. (*Id.* at ¶¶4-6). He states that he "did not receive salary funding from the non-profit. I was allowed to work on this by VA as a Federal Employee, where my time was 'contributed' to the project." (*Id.* at ¶7).

The federal Defendants also point out that the GAIT Study identified Dr. Reda as being from the Hines Veterans Affairs Cooperative Studies Program Coordinating Center (Doc. 86 at 3). Additionally, "the VA website identifies the GAIT trial as a study coordinated by the Hines CPS Coordinating Center (Office of Research and Development, CSP Coordinating Center – Hines, IL." (*Id.* citing http://www.research.va.gov/programs/csp/hines.cfm). Defendants further point out that although Plaintiffs allege that the GAIT Study required that the Contractor "independently, and not as agent of the Government, furnish all necessary services, qualified personnel and materials[,]" "Plaintiffs do not allege that Dr. Reda was serving as the Contractor himself or why this means that Dr. Reda was not acting within the scope of his employment." (Doc. 86 at 4). Further, Dr. Huang explains that the Western Institute for Biomedical Research, "not as an agent of the government, furnished all necessary services, qualified personnel and materials. Dr. Reda provided time in support of their overall responsibilities for the project." (Doc. 86-2 at ¶9).

On the instant record, Plaintiffs' purported evidence that the Contractor could not

be a government entity for purposes of the Study does little, if anything, to address the issue of the scope of Dr. Reda's employment. As the government points out, Plaintiffs have not alleged that Dr. Reda served as the Contractor. Instead, the evidence of record is that he served as a Biostatisician through his position at the Hines Cooperative Studies Program Coordination Center. (*See e.g.* Doc. 86-2 at 43-44 (also referring to the VA Cooperative Studies Program located at Hines, Illinois)). On this issue, allegations alone will not suffice. Plaintiffs have failed to carry their burden of disproving the scope of Dr. Reda's employment by a preponderance of the evidence. *See e.g. White v. Soc. Sec. Admin,* 111 F.Supp. 3d 1041, 1050 (N.D. Cal. 2015) ("Because Plaintiffs have presented no evidence, as opposed to allegations, that might disprove the Attorney General's certification, at this time, the United States must remain the federal defendant in this action." (internal quotation marks and citation omitted); *Ponds v. Veterans Med. Research Found.,* 2013 WL 607847, \*3 (S.D. Cal. Feb. 15, 2013 ("Even a legitimate question, if left unanswered by evidence, will not satisfy a plaintiff's burden of proving the certification is erroneous."); *Smith v. Leach,* 2007 WL 2405668, \*1 (D. Ariz. Aug. 16, 2007) (an "unsupported allegation does not rebut the certification."). Nor have Plaintiffs demonstrated an adequate basis entitling them to conduct discovery on this matter.

### C. DR. REDA'S MOTION TO DISMISS for FAILURE TO STATE A CLAIM UNDER THE LANHAM ACT (COUNT IV)

Plaintiffs concede that Count IV fails to state a claim against Dr. Reda and withdraw that count with regard Dr. Reda only. (Plaintiffs' Response to Motion to Dismiss (Doc. 69) at 6).

## III. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review:

(1) grant Defendants United States and Dr. Domenic J. Reda's Motion to Dismiss (Doc. 55); and

- 11 -

(2)   deny Plaintiffs' Motion to for Leave to Amend (Doc. 75) to the extent that Plaintiffs seek leave to file a Second Amended Complaint with regard to Defendant Dr. Reda.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within **FOURTEEN (14) DAYS** after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within **FOURTEEN (14) DAYS** after being served with a copy. Fed.R.Civ.P. 72(b)(2).  No replies to objections shall be filed unless leave is granted from the District Court to do so.  If objections are filed, the parties should use the following case number: **CV 14-2445-TUC-JAS**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to review.

Dated this 30th day of January, 2017.

_____
Bernardo P. Velasco
United States Magistrate Judge